IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUDY LAWIDJAJA )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE WASHINGTON BLADE, *et al*. )<br>)<br>)<br>Defendants. )<br>)<br>) | CASE NUMBER: 1:07CV00104<br>Hon. Richard W. Roberts |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, The Washington Blade, Window Media LLC, and Unite Media LLC, by counsel, now answer the Complaint's numbered paragraphs as follows:

### NATURE OF CASE

1.  The Defendants admit that from on or about October, 2004 to November, 2005, the Plaintiff worked as an independent, freelance photographer for the Washington Blade on certain agreed terms. The Defendants deny the remainder of the allegations of this paragraph.

2.  The Defendants admit that The Washington Blade is owned and operated by The Washington Blade Inc., a wholly-owned subsidiary of Window Media, LLC. The Defendants further admit that Unite Media, LLC is a minority shareholder of the New York Blade and is the owner and operator of other newspapers. The Defendants deny the remaining allegations in this paragraph.

3.  Denied.

4. The allegations contained in this paragraph do not require a response. To the extent a response is deemed required, the Defendants deny the allegations in this paragraph.

PARTIES

5. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore deny the same.

6. Admitted, though the correct legal name of the entity is The Washington Blade, Inc.

7. The Defendants admit that the Washington Blade is a print and an online newspaper featuring news for and about the gay and lesbian community of the Washington, D.C. region. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph, and therefore deny the same.

8. The Defendants admit that Window Media is a Georgia limited liability company. The Defendants deny the remaining allegations in this paragraph.

9. The Defendants admit that Unite Media is a Delaware limited liability company. The Defendants deny the remaining allegations in this paragraph.

10. The Defendants deny that Window Media and Unite Media are part of a media empire and that Unite Media owns and controls the New York Blade. The Defendants admit that Unite Media owns and/or controls the Express Gay News. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore deny the same.

11. The allegations contained in this paragraph are conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, these allegations are denied.

12. The allegations contained in this paragraph are conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, these allegations are denied.

13. The allegations contained in this paragraph are conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, these allegations are denied.

14. The allegations contained in this paragraph are conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, these allegations are denied.

15. The allegations contained in this paragraph are conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, these allegations are denied.

Factual Allegations Related to All Claims

A. <u>Agreement between Mr. Lawidjaja and WB.</u>

16. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore deny the same.

17. Upon information and belief, the Defendants admit that Mr. Lawidjaja first accepted photographic assignments for the Washington Blade in early October 2004. The Defendants deny the remaining allegations of this paragraph.

18. The Defendants admit that Mr. Lawidjaja entered into a freelance, photographic agreement, pursuant to which he granted license for the publication of his works. The Defendants deny that this paragraph accurately or fully sets forth the terms of that agreement.

19. Admitted.

20. Admitted.

21. The Defendants admit that Mr. Lawidjaja ceased taking assignments for the Washington Blade on or about November 2, 2005. The Defendants deny that their licensing rights were terminated as a consequence.

22. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore deny the same.

C. Breach of Contract by WB and Window Media

23. Denied.

24. The Defendants admit that payment for Mr. Lawidjaja's services and photographs was to be and was in fact paid by Window Media on a lump sum basis. The Defendants deny the remaining allegations in this paragraph.

25. Denied.

C. Copyright Infringement by Defendants

26. Denied.

27. Denied.

28. The Defendants admit that the photographs referenced in this paragraph were published in the print edition of the Washington Blade on or about the dates set forth therein. The Defendants deny that these photographs were published without Mr. Lawidjaja's prior consent and authorization.

29. The Defendants admit that the photograph referenced in this paragraph was published online in the Houston Voice on or about the date set forth therein. The Defendants deny that this photograph was published without Mr. Lawidjaja's prior consent and authorization.

30. The Defendants admit that the photograph referenced in this paragraph was published online in the Southern Voice on or about the date set forth therein. The Defendants deny that this photograph was published without Mr. Lawidjaja's prior consent and authorization.

31. The Defendants admit that the photograph referenced in this paragraph was published online in the Express Gay News on or about the date set forth therein. The Defendants deny that this photograph was published without Mr. Lawidjaja's prior consent and authorization.

32. The Defendants admit that the photographs referenced in this paragraph were published online in the New York Blade on or about the dates set forth therein. The Defendants deny that these photographs were published without Mr. Lawidjaja's prior consent and authorization.

33. The allegations contained in this paragraph do not require a response. To the extent a response is deemed required, the Defendants deny the allegations in this paragraph.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

D. <u>Additional Wrongful Actions by Defendants</u>

40. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore deny the same.

41. Denied.

42. The Defendants lack knowledge or information sufficient to form a belief as to the whether it is true that it is common for third parties to notice Mr. Lawidjaja's name in connection with his work and to contact him in connection with obtaining licensing rights. The Defendants deny the remaining allegations in this paragraph.

43. The Defendants admit that on or about November 18, 2005 Chris Crain sent an electronic mail message concerning Mr. Lawidjaja's photographs to internal Washington Blade employees. That e-mail speaks for itself. The Defendants deny the remaining allegations contained in this paragraph.

44. The Defendants admit that the WB received communications concerning the Plaintiff's photographs from Mr. Lawidjaja's counsel, including the October 5, 2006 letter at Exhibit 26. Those communications speak for themselves. The Defendants deny the remaining allegations of this paragraph, including the allegation that the Defendants have made any unauthorized use of the Plaintiff's photographs.

45. Denied.

## COUNT I

**Copyright Infringement and Related Claims Pursuant to 17 U.S.C. §101 et seq.**

46. The Defendants' answers to paragraphs 1 through 45 are hereby adopted by reference as though they were fully set forth herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT II

### Breach of Contract

56. The Defendants' answers to paragraphs 1 through 55 are hereby adopted by reference as though they were fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

## COUNT III

### Unfair Competition Under the Lanham Act

60. The Defendants' answers to paragraphs 1 through 59 are hereby adopted by reference as though they were fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT IV

**Unlawful Trade Practices Under D.C. Code § 28-3904**

67. The Defendants' answers to paragraphs 1 through 66 are hereby adopted by reference as though they were fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## COUNT IV

**Common Law Unfair Competition**

76. The Defendants' answers to paragraphs 1 through 75 are hereby adopted by reference as though they were fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT IV

**Unjust Enrichment**

83. The Defendants' answers to paragraphs 1 through 82 are hereby adopted by reference as though they were fully set forth herein.

84. Denied.

## PRAYER FOR RELIEF

Defendants deny that the Plaintiff is entitled to any of the relief set for in his Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

3. Plaintiff has authorized or licensed the uses of his works alleged in the Complaint.

4. The allegedly infringed works are not works of visual art, as defined in 17 U.S.C. § 101, and therefore not entitled to protection under the Visual Artists Rights Act, 17 U.S.C. § 106A.

5. The alleged uses of the works are exempt from the Visual Artists Rights Act pursuant to 17 U.S.C. § 106A(c).

6. Plaintiff's claim for statutory damages and attorneys' fees for alleged copyright infringement is precluded to the extent that Plaintiff failed to properly and timely register his purported copyrights.

7. This Court lacks subject matter jurisdiction over plaintiff's claim for alleged copyright infringement to the extent that Plaintiff failed to comply with the requirements of 17 U.S.C. § 411.

8. Plaintiff's claim for alleged copyright infringement is barred by the doctrine of copyright misuse.

9. Plaintiff's Lanham Act claim is precluded by the decision of the United States Supreme Court in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003).

10. The Plaintiff lacks standing to pursue his claims under D.C. Code § 28-3904. The Plaintiff lacks standing to pursue his claims under D.C. Code § 28-3904.

11. The Plaintiff's unjust enrichment claim is barred due to the existence of an express contract.

12. The Plaintiff's claims are barred by accord and satisfaction.

13. Plaintiff has failed to take steps to mitigate damages, if any, and Plaintiff's recovery, if any, must be barred or diminished accordingly.

14. The Plaintiff's claims are barred by the doctrine of ratification.

15. The Plaintiff's claims are barred by the statute of frauds.

16. The Plaintiff's claims are barred by the applicable statutes of limitation.

17. The Plaintiff's claims are barred by the doctrine of unclean hands.

**THE DEFENDANTS DEMAND A TRIAL OF THIS MATTER BEFORE A JURY**

Date:  March 9, 2007

Respectfully submitted,

THELEN REID BROWN RAYSMAN
  STEINER LLP

By: _____/s/_____
     David Kelleher (D.C. Bar # 388661)
     Michael McNamara (D.C. Bar # 493773)
     701 Eighth Street, N.W.
     Washington, DC  20001
     Tel:  (202) 508-4000
     Fax:  (202) 508-4321
     *Attorney for Defendants The Washington Blade, Window Media, LLC, and Unite Media LLC*

Of Counsel:  Anne Pitter, Esq.
Nancy Mertzel, Esq.
THELEN REID BROWN RAYSMAN
   & STEINER LLP
900 Third Avenue
New York, NY  10022-4728
Tel:  (212) 895-2000
Fax:  (212) 895-2900