UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUDY LAWIDJAJA<br><br>Plaintiff,<br><br>vs.<br><br>THE WASHINGTON BLADE et al.,<br><br>Defendants. | Civil Action No. 07-0104 (RWR) |

JOINT RULE 16.3 STATEMENT

**COME NOW** Plaintiff Rudy Lawidjaja and Defendants The Washington Blade, Window Media LLC and United Media LLC, by their respective counsel, and submit this Joint Rule 16.3 Statement in accordance with the Court's Order of April 3, 2007 and following the meeting of counsel by telephone.

I. <u>Brief Statement of Case by the Parties</u>

<u>Plaintiff's Statement</u>: Plaintiff brings this action for breach of contract, for copyright infringement pursuant to 17 U.S.C. §101 et seq. and for unfair competition pursuant to 15 U.S.C. §1125(a) and D.C. Code § 28-3904 (2006). Plaintiff had a contract for the provision of certain photographic services for the Defendant Washington Blade. Plaintiff alleges that Defendant Washington Blade breached the contract by failing properly to account to and compensate Plaintiff for his services. In addition, Plaintiff alleges that Defendant Washington Blade impermissibly exploited the copyrighted works and gave copies to Defendants Window Media and Unite Media, which reproduced them, publicly distributed and public displayed them without authority. Finally, Plaintiff

1

alleges the Defendants failed to provide Plaintiff with proper accreditation and altered the works without prior approval.

Defendants' Statement: Defendants deny all of plaintiff's claims of liability. Defendants did not breach any contract with plaintiff and did not infringe any copyrights. Defendants' uses of plaintiff's photographs were licensed and proper. Moreover, plaintiff's photographs do not constitute works of visual art as defined in 17 U.S.C. §101, and therefore are not protected under 17 U.S.C. §106A and exempt from the Visual Artists Rights Act by 17 U.S.C. §106A(c). Plaintiff's claims for statutory damages and attorneys fees are barred by his failure to timely register. Plaintiff's claims under the Lanham Act are precluded as a matter of law. Plaintiff's claims under the DC Code fail as a matter of law. And, plaintiff's claims are barred by the doctrines of waiver and estoppel.

II. Rule 16.3(c) Matters

Counsel for the parties have discussed the items in Rule 16.3(c) and respectfully advise the Court as follows:

1. *Dispositive Motions*. This case likely will involve the filing of dispositive motions, such motions may be filed on the schedule set forth below.

2. *Joinder of Parties*. Any additional parties are to be joined by June 25, 2007, and if leave of Court is required to join any additional parties, all motions seeking joinder along with proposed complaints and/or third-party complaints are to be filed by June 25, 2007. Amended pleadings and/or motions seeking to amend the pleadings shall be filed by June 25, 2007.

3. *Magistrate.* This case is not likely to involve significant discovery disputes; nonetheless, the parties believe it appropriate for a magistrate to be assigned to the case for discovery matters. However, the parties have not consented to trial by a magistrate.

4. *Settlement.* The parties have initiated discussions regarding possible settlement, but it is not possible to predict the outcome of such discussions at this time.

5. *Alternative Dispute Resolution.* The parties are amenable to ADR. The appropriate ADR method is mediation. The timing of the mediation should be addressed after the parties have had sufficient discovery to narrow the factual and legal issues and to determine whether the remaining factual issues or legal issues are an impediment to resolution by ADR. In such an event, then mediation would be appropriate after the resolution of key legal issues by dispositive motion. The parties will be better able to determine the appropriate time for mediation closer to the end of discovery and shall notify the Court by September 22, 2007, whether ADR is appropriate and, if so, the method and whether the action should be stayed pending ADR.

6. *Summary Judgment.* It is likely that legal issues can be narrowed by dispositive motion. The filing date for such a motion shall be November 16, 2007; however, no party will be precluded from filing such a motion prior to the date below. All memoranda in opposition to any dispositive motion shall be filed by the non-moving party within twenty-one (21) days after the service of the dispositive motion. All reply briefs, if any, shall be filed by the moving party within ten (10) days after the memorandum in opposition is served.

7. *Initial Disclosures.* Initial disclosures shall be served by June 25, 2007.

8. *Discovery.*  The limits of five (5) depositions and twenty-five (25) interrogatories per side shall apply in this case; however, the limitation on depositions shall not include expert depositions.  Interrogatories and requests for production of documents shall be served by July 25, 2007 (in order to accommodate the vacation time in early July).  Requests for admissions should be served by September 15, 2007.  Service of motions to compel discovery with regard to interrogatories and document requests shall be filed within thirty (30) days of receipt of the response; otherwise waived.  Motions to compel discovery, other than interrogatories and documents requests, after consultation, shall be served by October 12, 2007.  The discovery period shall close October 31, 2007.  Electronic discovery will be accomplished by production of hard copies or in electronic form as a tiff or .pdf files

9. *Experts.*  Plaintiff's Rule 26(a)(2) disclosures shall be served by August 17, 2007.  Defendant's Rule 26(a)(2) Disclosures shall be served by September 17, 2007.  The parties shall disclose rebuttal experts by October 17, 2007, however, rebuttal experts may not address any matter on which the offering party has the burden of proof, and rebuttal experts will be made available for deposition prior to the close of discovery.

10. *Class Action.*  N/A.

11. *Bifurcation.*  At this time, there is no request to bifurcate trial. A bifurcation request shall be filed no later than November 16, 2007.

12. *Pretrial Conference.*  The pretrial conference shall be set by further order of the Court after the resolution of dispositive motions.

13. *Trial Date and Length.* At the time of the Pretrial Conference, the parties will know the anticipated length of trial and the availability of witnesses necessary for the remaining issues, if any.

        Respectfully submitted,

        LUTZKER & LUTZKER LLP


By: /s/ Arnold P. Lutzker
    Arnold P. Lutzker, Esq. (Bar No. 101816)
    Jeannette M. Carmadella, Esq. (Bar No. 500586)
    Lutzker & Lutzker LLP
    1233 20th Street, NW, Suite 703
    Washington, DC 20036
    Tel. 202-408-7600
    Fax 202-408-7677

    Barbara I. Berschler (D.C. Bar No. 268524)
    Law Office of Barbara I. Berschler
    1700 Rockville Pike, Suite 400
    Rockville, MD 20852
    Tel: (301) 962-8580
    Fax: 301-962-0189
    *Attorneys for Plaintiff*

        THELEN REID BROWN RAYSMAN & STEINER LLP


By: /s/ David L. Kelleher
    David L. Kelleher (D.C. Bar No. 388661)
    Byron L. Pickard (D.C. Bar No. 499545)
    Thelen Reid Brown Raysman & Steiner LLP
    701 Eighth Street, N.W.
    Washington, D.C. 20001-3721
    Tel: 202-508-4106
    Fax: 202-654-1832
    *Attorneys for Defendants*

Dated: May 18, 2007